UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Civil Action Number:**

JESUS GONZALEZ

    Plaintiff,
vs.

WELLS FARGO BANK, N.A.
d/b/a Wells Fargo Bank at 7100 Kendall Drive

    Defendant.
_____/

**COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiff Jesus Gonzalez, by and through his undersigned counsel, hereby sues Defendant Wells Fargo Bank, N.A. d/b/a Wells Fargo Bank on Kendall Drive ("Defendant") for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

**JURISDICTION**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3. Defendant is authorized to conduct, and is conducting, business within the State of Florida and within the jurisdiction of this court.

1

## PARTIES

4. Plaintiff Jesus Gonzalez ("Plaintiff") is a resident of the state of Florida. Plaintiff a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D). Plaintiff is also a tester of public accommodations to determine whether they are in compliance with the ADA/ADAAG.

5. Defendant Wells Fargo Bank, N.A. ("Defendant") is authorized to transact business in Florida as a licensed financial institution (bank) and is the owner of Folio 30-5002-073-0010[1] which represents commercial real property located at 7100 SW 88 Street, Miami Florida 33156 (also known as 7100 Kendall Drive) which is build out as a full-service bank.

6. Wells Fargo Bank, N.A. is the primary subsidiary of Wells Fargo & Company which is a public company listed on the New York Stock Exchange. Wells Fargo & Company is a leader in the financial services industry and is on the S&P 100 component, S&P 500 component, and Russel 1000 index component. The company has operations in 35 countries with over 70 million customers and has 8,050 bank branches and 13,000 ATM machines.

## FACTS

7. At all times material hereto, Defendant has operated its 7100 Kendall Drive commercial property as a full-service bank under the brand name "Wells Fargo."

---

[1] The Miami Dade Real Estate records list the owner as First Union National Bank of Florida. However, First Union National Bank of Florida merged with Wachovia in 2001, then that entity was merged with Wells Fargo NA in 2008. The bank (which was re-branded from First Union Bank to Wells Fargo Bank) and the u01ltimate beneficial owner of the bank's property is Wells Fargo NA even though the property remains titled/listed as the now defunct entity Union National Bank of Florida.

8. Defendant's Wells Fargo Bank on Kendall Drive is a full service bank which is open to the general public and therefore is a place of public accommodation pursuant to 42 U.S.C. §12181(7)(F) and 28 C.F.R. §36.104(6) as "[A] laundromat, dry-cleaner, bank, barber shop, beauty shop, travel service, shoe repair service, funeral parlor, gas station, office of an accountant or lawyer, pharmacy, insurance office, professional office of a health care provider, hospital, or other service establishment." The Wells Fargo Bank which is the subject to this action is also referred to as "bank," "Wells Fargo Bank on Kendall Drive, or "place of public accommodation."

9. As the owner/operator of a bank open to the public, Defendant is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns and operates a bank; 42 U.S.C. §12182, §12181(7)(F); 28 C.F.R. §36.104(6).

10. Due to the fact that Plaintiff is a deposit holder with Wells Fargo bank, on December 31, 2021 Plaintiff went to the Wells Fargo Bank on Kendall Drive for his banking needs.

11. While perambulating into the bank from the parking area, Plaintiff met barriers to access due to the fact that he is confined to his wheelchair. Based on the access impediments delineated herein, Plaintiff has been denied full and equal access by Defendant.

12. Plaintiff left the bank branch feeling excluded, humiliated and dejected. As a result of discrimination by Defendant, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

13. On information and belief, as an owner of commercial property being used as a place of public accommodation and as the operator of the Wells Fargo Bank located

therein, Defendant is aware of the need to provide equal access to individuals with disabilities. Therefore, Defendant's failure to reasonably accommodate individuals with disabilities at its bank is/was willful, malicious, and oppressive and in compete disregard for the Civil Rights of Plaintiff and in violation of 28 C.F.R. §36.302.

14. Plaintiff is and has been a depositor with Wells Fargo bank and continues to desire to return to the Wells Fargo Bank branch on Kendall Drive, but Plaintiff continues to be injured in that he is concerned that he will again be humiliated, segregated, and discriminated against due to the barriers to access which are in violation of the ADA.

15. Any and all requisite notice has been provided.

16. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendant pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

17. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Over thirty years have passed since enactment of the ADA and there is no excuse for public accommodations and places of public accommodation to have failed to comply with the legislation.

18. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in

>     order to address the major areas of discrimination faced on a daily
>     by people with disabilities.

    42 U.S.C. §12101(b)(1)(2) and (4).

19. Prior to the filing of this lawsuit, Plaintiff patronized Wells Fargo Bank on Kendall Drive, however Plaintiff was denied adequate accommodation because (as a disabled individual who utilizes a wheelchair for mobility) when he patronized the bank, he encountered barriers to access. Therefore, Plaintiff has suffered an injury in fact.

20. Defendant has discriminated, and continues to discriminate, against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at its Wells Fargo Bank branch on Kendall Drive, in derogation of 42 U.S.C. §12101 *et seq.*, and as prohibited by 42 U.S.C. §12182 *et seq.* by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

21. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the Wells Fargo Bank on Kendall Drive.

22. Defendant is governed by the ADA and must be in compliance therewith. Defendant has discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

23. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

5

24.     Defendant's commercial property, which it operates as a Wells Fargo Bank branch, is in violation of 42 U.S.C. §12181 *et seq.,* the ADA and 28 C.F.R. §36.302 *et seq.,* and Defendant has discriminated against the Plaintiff as a result of <u>inter alia</u>, the following specific violations:

i. Plaintiff had difficulty exiting his vehicle, as the designated accessible parking spaces are located on an excessive slope (which is over 2.1%). Section 502.4 states that parking spaces shall comply with Section 302, changes in level are not permitted. Defendant is also in violation of Section 4.6.3 of the ADAAG which states that parking spaces shall be level with surface slopes not exceeding 1:50 (2%) in all directions.

ii. Plaintiff had difficulty exiting the vehicle, as the designated accessible parking space access isles are on an excessive slope. The fact that the parking space access isles are on an excessive slope is a violation of Section 502.4 of the 2010 ADA Standards for Accessible Design which states that access aisles serving parking spaces must be at the same level as the parking spaces they serve and that changes in level are not permitted. This is also a violation of Section 4.6.3 of the ADAAG which states that access aisles shall be level with surface slopes not exceeding 1:50 (2%) in all directions. Failure to provide accessible means of egress from the parking area to the bank due to the excessive slope of the access aisles within the parking lot is a violation of 2010 ADA Standards for Accessible Design Sections 207.1, 502.4 and Section 403.3. Section 403.3 states that the running slope of walking surfaces shall not be steeper than 1:20 and the cross slope shall not be steeper than 1:48 and

Section 403.4 which requires change in slope to comply with Section 303, wherein Section 303.4 requires changes in level greater than ½ inch shall be ramped.

25. Pursuant to 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, Defendant is required to make its Wells Fargo Bank on Kendall Drive bank accessible to persons with disabilities since January 28, 1992. Defendant has failed to comply with this mandate.

26. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order for Defendant to alter its commercial property such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez hereby demands judgment against Defendant Wells Fargo Bank, N.A. and requests the following relief:

a) The Court declare that Defendant has violated the ADA;

b) The Court enter an Order directing Defendant to evaluate and neutralize its policies, practices and procedures toward persons with disabilities,

c) The Court enter an Order requiring Defendant to alter its commercial property such that all areas are accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorneys fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Dated this 11th day of February, 2022.

    Respectfully submitted,

    */s/ J. Courtney Cunningham*
    J. Courtney Cunningham, Esq.

                                       J. COURTNEY CUNNINGHAM, PLLC
                                       FBN: 628166
                                       8950 SW 74th Court, Suite 2201
                                       Miami, Florida 33156
                                       Telephone:  305-351-2014
                                       Email: cc@cunninghampllc.com
                                       *Counsel for Plaintiff*